IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELEV3N, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 17-4350 |
| | : | |
| VANBEX GROUP, INC. et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**May 31, 2018**                                                    **Anita B. Brody, J.**

## EXPLANATION AND ORDER

Plaintiff Elev3n, LLC brings suit against Vanbex Group, Inc., Etherparty Inc. and

Etherparty Smart Contracts, Inc. (collectively, "Defendants") for claims arising from the alleged

misappropriation of Elev3n's intellectual property and proprietary information.  Elev3n, LLC

("Elev3n") asserts claims for conversion, unjust enrichment, breach of contract, violation of the

Computer Fraud and Abuse Act ("the CFAA"), violation of the U.S. Copyright Act and seeks

injunctive relief against Vanbex and a declaratory judgment that Elev3n has exclusive rights in

certain intellectual property and that Defendants violated the Securities Act of 1933 and

Securities Exchange Act of 1934.[1]

The Defendants, through individual motions, seek to dismiss the Amended Complaint for

improper venue under Fed. R. Civ. P. 12(b)(3) as well as to dismiss the CFAA claim under Fed.

R. Civ. P. 12(b)(6).[2]  Additionally, Defendant Vanbex Group, Inc. ("Vanbex") seeks to dismiss,

---

[1] I exercise diversity jurisdiction over Elev3n's claims pursuant to 28 U.S.C. § 1332.

[2] Initially, Defendants also moved to dismiss for lack of personal jurisdiction.  Subsequently, Defendants
filed a stipulation withdrawing their motions to dismiss for lack of personal jurisdiction and "stipulat[ing]
to specific personal jurisdiction of this Court as to the claims asserted in the above captioned matter . . . ."

under Fed. R. Civ. P. 12(b)(6), the conversion and unjust enrichment claims and the portion of

Elev3n's claim for a declaratory judgment that contends that Defendants violated the Securities

Act of 1933 and Securities Exchange Act of 1934.  In reply, Elev3n asserts that venue is proper,

opposes dismissal of its claims and seeks leave to amend its complaint.

I deny Defendants' motions to dismiss for improper venue and Vanbex's motion to

dismiss the unjust enrichment claim, grant Defendants' motions to dismiss the CFAA claim and

Vanbex's motion to dismiss the conversion claim, and deny without prejudice Vanbex's motion

to partially dismiss the claim for declaratory judgment.  I grant Elev3n leave to amend its

complaint.

I.    **BACKGROUND**[3]

In the fall of 2016, Elev3n and Vanbex entered into a contract and non-disclosure

agreement, in which Vanbex contracted to develop a platform for Elev3n to execute an "initial

coin offering" ("ICO"). Am. Compl. ¶¶ 13-14.  During the course of the contractual relationship,

Elev3n developed certain proprietary materials in preparation for its ICO, including documents

collectively described as the "Elev3n Prospectus."  *Id.* ¶¶ 20, 23.  Within months, the

relationship between Elev3n and Vanbex soured, and in December 2016, Elev3n notified Vanbex

that the contract was terminated because Vanbex failed to perform what it had contracted to do.

*Id.* ¶ 21.

As part of the termination, Elev3n requested that Vanbex discontinue its access to all

materials identified in the contract, and return "all work-product completed under the [contract],

---

Stipulation, ECF No. 39.  Because Defendants may voluntarily submit to the personal jurisdiction of the Court, the Court accepts this stipulation.  *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704-05 (1982).  The motions to dismiss for lack of personal jurisdiction are therefore denied as moot.

[3] Because this is written in reference to motions to dismiss, the facts are stated in a light most favorable to Elev3n.

including all source and object code as well as any other intellectual property" and "to further return and / or destroy all confidential information or other materials provided to it by Elev3n." *Id.* ¶ 21.  Kevin Hobbs, the CEO of Vanbex, stated that Vanbex would turn over completed work and work in progress, and Lisa Cheng, the Head of Research and Development at Vanbex, stated that Vanbex would send "all the files and documents that Vanbex has created and worked on for you." *Id.* ¶¶ 22-23.

Following the termination of the contract, two Vanbex employees, Brandon Kostinuk and Christer Guillergan, unlawfully accessed Elev3n's computer systems, and shared, distributed and modified access to, the Elev3n Prospectus. *Id.* ¶¶ 23-31.  Mr. Kostinuk did so on numerous occasions. *Id.*  On two occasions, an "unknown party" accessed Elev3n's computer systems to allow editing by individuals affiliated with or employed by Vanbex. *Id.* ¶¶ 27-28.  During the course of these intrusions, Vanbex announced its own ICO and distributed its own prospectus which was a "rip-off" of the Elev3n Prospectus. *Id.* ¶ 26.  On July 19, 2017, Mr. Hobbs and Ms. Cheng formed Defendant Etherparty Smart Contracts ("ESC"), which is an "affiliate" of Vanbex. *Id.* ¶¶ 3, 26.

On September 29, 2017, Elev3n filed a complaint and a motion for a temporary restraining order and preliminary injunction against Vanbex, seeking to enjoin Vanbex from proceeding with its ICO. *See* Compl., ECF No. 1 & Mot. TRO & Prelim. Inj., ECF No. 2.  Also on September 29, 2017, Elev3n filed an amended complaint naming Etherparty Inc. ("Etherparty") and ESC as additional defendants. *See* Am. Compl., ECF No. 5.  On October 1, 2017, Elev3n filed an amended motion for a temporary restraining order and preliminary injunction, seeking to enjoin all three defendants from proceeding with the ICO. *See* Am. Mot. TRO & Prelim. Inj., ECF No. 9.  The motions for a temporary restraining order and preliminary

injunction were denied, and the parties now litigate the claims raised in the Amended Complaint. *See* Orders at ECF Nos. 6, 11, 19.

## II.  DISCUSSION

All Defendants move to dismiss the Amended Complaint for improper venue and move to dismiss the CFAA claim. Vanbex also moves to dismiss the conversion and unjust enrichment claims and to partially dismiss the claim for declaratory judgment.  Each will be discussed in turn.

### A.  VENUE

According to Rule 12(b)(3), a court must grant a motion to dismiss if venue is improper. The defendant bears the burden of showing that venue is improper.  *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982).  Venue must generally be established for each claim in a complaint, although there is an exception "where claims arise out of the same operative facts." *Philadelphia Musical Soc'y, Local 77 v. Am. Fed'n of Musicians of U.S. & Canada*, 812 F. Supp. 509, 517 n.3 (E.D. Pa. 1992).  Proper venue must also be established as to each defendant. *Kunkler v. Palko Mgmt. Corp.*, 992 F. Supp. 780, 781 (E.D. Pa. 1998).

The question of whether venue is proper or improper is "generally governed by 28 U.S.C. § 1391."[4]  *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).  "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does [fall within one of the three categories], venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."  *Id.* at 56.

---

[4] Section 1391 governs venue "generally", that is, where a more specific venue provision does not apply. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 n.2 (2013).

28 U.S.C. § 1391(b) provides:

**(b) Venue in general.**--A civil action may be brought in--
**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(c)(2) provides:

**(c) Residency.--**For all venue purposes**--**
. . .
**(2)** an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .

Here, all Defendants argue that venue is improper for all claims in the Amended Complaint under the general venue statute, 28 U.S.C. § 1391.[5] This is incorrect. Venue is proper in this district under § 1391(b)(1). Because, as relevant here, a defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction" and each defendant has stipulated to personal jurisdiction in this Court for all claims, each defendant "resides" in this district (and this state) for purposes of venue. 28 U.S.C. § 1391(c)(2). Therefore, venue is proper in this district for all defendants and all claims because it is the "judicial district in which any defendant resides" and "all defendants are residents of the State in which the district is located." Having found venue to be proper, the Court will consider the sufficiency of the claims alleged.

---

[5] Defendants quote a previous venue of the general venue statute (revised in 2011) and the quoted language largely parallels the current version of 28 U.S.C. § 1391(b).

### B.  FAILURE TO STATE A CLAIM

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v.*

*Roche Holdings Ltd*., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In order to determine

the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following

analysis:

> First, the court must take note of the elements a plaintiff must plead to state a
> claim. Second, the court should identify allegations that, because they are no more
> than conclusions, are not entitled to the assumption of truth. Finally, where there
> are well-pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist*., 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg*

*Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

"As a general matter, a district court ruling on a motion to dismiss may not consider

matters extraneous to the pleadings.  However, an exception to the general rule is that a

'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re*

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted)

(quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).  Thus, a court may

consider "the complaint, exhibits attached to the complaint, matters of public record, as well as

undisputedly authentic documents if the complainant's claims are based upon these documents."

*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a

curative amendment unless such an amendment would be inequitable or futile.  Moreover . . . a

district court must provide the plaintiff with this opportunity even if the plaintiff does not seek

leave to amend."  *Phillips*, 515 F.3d at 245.

### a.   Count I: Computer Fraud and Abuse Act, 18 U.S.C. § 1030

"The CFAA prohibits a number of different computer crimes, the majority of which

involve accessing computers without authorization or in excess of authorization, and then taking

specified forbidden actions, ranging from obtaining information to damaging a computer or

computer data."  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1131 (9th Cir. 2009).  The

statute as originally enacted was exclusively a criminal statute, and has since been amended to

include a civil provision.  *See P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal

Superstore, LLC*, 428 F.3d 504, 510 (3d Cir. 2005).

In order to bring a civil claim under the CFAA, in addition to alleging the elements of the

enumerated offense, a plaintiff must allege that the violator caused "loss to 1 or more persons

during any 1-year period . . . aggregating at least $5,000 in value."  18 U.S.C. §

1030(c)(4)(A)(i)(I); *Grant Mfg. & Alloying, Inc. v. McIlvain*, 499 F. App'x 157, 159 (3d Cir.

2012).[6]  "Loss" is defined by the statute as "any reasonable cost to any victim, including the cost

of responding to an offense, conducting a damage assessment, and restoring the data, program,

---

[6] A civil action under Section 1030 "may be brought only if the conduct involves 1 of the factors set forth
in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)."  18 U.S.C. § 1030(g).  Because the
factors set forth in subclauses (II) through (V) are inapplicable here, Elev3n must show that Defendants'
conduct involves the factor set forth in subclause (I), which requires a loss of at least $5,000 within a one-
year period. 18 U.S.C. § 1030(g), (c)(4)(A)(i).

system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." *Id.* § 1030(e)(11).

All Defendants move to dismiss this claim on the basis that Elev3n has failed to plead the threshold civil requirement of a "loss" of at least $5,000.[7]  Specifically, all Defendants argue that Elev3n has failed to plead the amount of loss and type of loss protected under the CFAA. Elev3n does not deny that it fails to plead either the amount or type of loss protected under the CFAA, stating that "[a]t the time of its Motion for Temporary Restraining Order, Elev3n had discovered Defendants' intrusion less than ten days prior, and the extent of the damages and costs was not calculable."  Pl.'s Opp. at 14.  Elev3n argues that it now possesses the requisite information to state a claim and requests that the Court grant it leave to amend its complaint. Because it is undisputed that the Amended Complaint fails to allege the amount and type of loss recognized by the CFAA, Count I is dismissed on this basis.  Because amendment may not be "inequitable or futile," Elev3n is granted leave to amend the complaint.  *Phillips*, 515 F.3d at 245.

### b.  Count II: Conversion

Vanbex moves to dismiss Elev3n's claim for conversion on the basis that it is preempted by the Copyright Act.  Elev3n does not contest that its claim as currently pled is preempted. Instead, Elev3n cites additional facts not included in the Amended Complaint to support its conversion claim and requests leave to amend this claim.[8]  Therefore, Elev3n's conversion claim is dismissed as to Vanbex.  Because amendment may not be inequitable or futile, leave to amend

---

[7] Defendants also move to dismiss this claim on other grounds.  Because I determine that the Amended Complaint fails to plead "loss" and dismiss the CFAA claim on this basis, I need not address these additional arguments.

[8] Elev3n includes an argument that inconsistent claims may proceed past the motion to dismiss stage, but does not articulate how this pleading standard impacts whether its conversion claim is preempted.

is granted, as requested, "to reflect newly discovered information that supports its claim for

conversion of its property not covered by the Copyright Act." Pl.'s Opp. at 15.

### c.   Count V: Unjust Enrichment

Vanbex moves to dismiss Elev3n's claim for unjust enrichment because it contends that

the claim is based on an express contract, which precludes Elev3n from seeking quasi-

contractual relief.  At the motion to dismiss stage, a plaintiff may plead a claim of unjust

enrichment in the alternative to a breach of contract claim.  *See, e.g.*, *Premier Payments Online,*

*Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012) ("A plaintiff is

permitted to plead alternative theories of recovery based on breach of contract and unjust

enrichment in cases where there is a 'question as to the validity of the contract in question.'")

(internal quotation marks omitted).  Although Elev3n asserts that it had a valid contract with

Vanbex, Vanbex has made no such concession.  Therefore, because the validity of the contract

remains in question, Elev3n may plead unjust enrichment as an alternative to its breach of

contract claim.  Thus, Vanbex's motion to dismiss this claim is denied.[9]

### d.   Count VII: Declaratory Judgment

Finally, Vanbex asserts that the Court should dismiss paragraphs 50(b)-(e) of Count VII,

in which Elev3n requests a declaratory judgment that Defendants violated 15 U.S.C. §§ 77l and

77t(b), of the Securities Act of 1933 and 15 U.S.C. § 78j(b) and Rule 10b-5, of the Securities

Exchange Act of 1934.  In response, Elev3n defends its claims for violations of securities law, in

part relying on facts not plead in the Amended Complaint or the initial motion for a temporary

restraining order and preliminary injunction.  Elev3n states that it "has not directly raised claims

for liability under the Exchange Act and Securities Act," and requests "that this Court grant it

---

[9] Elev3n further requests that it be granted leave to amend this claim to "reflect newly discovered
information that further supports its claim for unjust enrichment." Pl.'s Opp. at 16.  Although this claim
is not dismissed, this request is granted.

leave to amend its Complaint to reflect newly discovered information that supports its claims for securities fraud by all of the above captioned Defendants directly under both the Exchange and Securities Acts." Pl.'s Opp. at 25. Because Elev3n relies on facts not plead, directly or indirectly, in the Amended Complaint and requests leave to substantially reformulate this claim, Elev3n is granted leave to amend and the motion to dismiss this claim will be denied without prejudice to refile following the deadline for filing a second amended complaint.

### III.   CONCLUSION

For the reasons stated above, I deny Defendants' motions to dismiss for improper venue and Vanbex's motion to dismiss the unjust enrichment claim, grant Defendants' motions to dismiss the CFAA claim and Vanbex's motion to dismiss the conversion claim, and deny without prejudice Vanbex's motion to dismiss paragraphs 50(b)-(e) of the claim for declaratory judgment. Because amendment of the complaint may not be inequitable or futile, Elev3n is granted leave to amend its complaint.

## ORDER

**AND NOW**, this 31ST  day of May, 2018, it is **ORDERED** that:

- Defendants Vanbex Group, Inc., Etherparty Inc. and Etherparty Smart Contracts, Inc.'s motions to dismiss (ECF Nos. 26, 28 & 29) are **GRANTED in part** and **DENIED in part** as follows:

    o (1) the motions filed pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue are **DENIED**;

    o (2) the motions filed pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction are **DENIED AS MOOT**;

    o (3) the motions filed pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of the CFAA claim (Count I) are **GRANTED WITHOUT PREJUDICE**;

- Vanbex Group, Inc.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 28) is **GRANTED in part** and **DENIED in part** as follows:

    o (1) the motion is **DENIED** as to the unjust enrichment claim (Count V);

    o (2) the motion is **GRANTED WITHOUT PREJUDICE** as to the conversion claim (Count II); and

    o (3) the motion is **DENIED WITHOUT PREJUDICE** as to ¶¶ 50(b)-(e) of the claim for declaratory judgment (Count VII); and

- Elev3n, LLC's request for leave to amend the complaint is **GRANTED** and Elev3n may file a second amended complaint **on or before June 22, 2018**.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies VIA ECF on _____ to: